IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
Civil Action No. 1:13-cv-304

|  |  |  |
|---|---|---|
| PNC BANK, N.A., successor to RBC BANK (USA), formerly known as RBC Centura Bank, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **VERIFIED COMPLAINT** |
| NATURE'S PEARL CORPORATION, LE BLEU CORPORATION, and JERRY W. SMITH, | ) ) ) ) | |
| Defendants. | ) ) ) ) | |

Plaintiff PNC Bank, N.A. successor to RBC Bank (USA), formerly known as RBC Centura Bank ("Plaintiff"), by and through counsel, hereby files its Verified Complaint against Nature's Pearl Corporation ("Nature's Pearl"), Le Bleu Corporation ("Le Bleu"), and Jerry W. Smith ("Mr. Smith") (Nature's Pearl, Le Bleu, and Mr. Smith are collectively referred to herein as the "Defendants"), and states and alleges as follows:

## JURISDICTION AND PARTIES

1.      Plaintiff is a national banking association whose main office as designated in its articles of association is in the State of Delaware.

2.      Nature's Pearl is a corporation organized and existing under the laws of the State of North Carolina, and may be served through its registered agent c/o Jerry Smith 3134 Cornazter Rd., Advance, NC 27006.

3.    Le Bleu is a corporation organized and existing under the laws of the State of North Carolina, and may be served through its registered agent c/o Jerry Smith 3134 Cornazter Rd., Advance, NC 27006.

4.    Upon information and belief, Mr. Smith is a citizen and resident of Davie County, North Carolina, is under no legal disability, and is not an active member of any branch of the United States Armed Forces.

5.    The amount in controversy exceeds $75,000.00 and there is a complete diversity of citizenship.  Therefore, this Court has jurisdiction pursuant to 28 U.S.C. Section 1332(a).

6.    This Court has personal jurisdiction over the defendants because the defendants reside in this state and district, the defendants have conducted business in this state and district, and the defendants otherwise have committed acts in this state and in this district that are the subjects of the claims set forth herein.

7.    Venue is proper in this Court under the provisions of 28 U.S.C. § 1391(a)(1) and (a)(2), and the Note (defined below) under which the parties consented to venue in Guilford County, North Carolina.

## FACTS

8.    On or about July 27, 2007, Plaintiff made a loan to Nature's Pearl in the principal amount of up to $5,000,000.00.  In consideration of the loan, Nature's Pearl executed and delivered to Plaintiff that certain Promissory Note dated July 27, 2007 in the original principal amount of $5,000,000.00, as renewed and amended from time to time, including without limitation those certain Change in Terms Agreements dated August 4, 2009, March 29, 2010, September 14, 2010, and September 13, 2011 which, among other things, extended the maturity date of the loan (collectively, the "Note").  A true and correct copy of Note 1 is attached hereto as Exhibit 1.  Plaintiff is the holder of the Note.

9.      In order to secure the amounts owed under the Note, Le Bleu signed and delivered to Plaintiff that certain Deed of Trust Securing Future Advances dated August 7, 2009 and recorded in Book 803, Pages 676 *et seq.* of the Davie County Register of Deeds, as modified by that certain Modification of Deed of Trust dated September 15, 2011 and recorded in Book 869, Pages 326 *et seq.* of the Davie County Register of Deeds (collectively the "Deed of Trust"). The Deed of Trust encumbers property commonly referred to as 140 Theodore Drive, Mocksville, North Carolina 27028 (the "Property"), which property is more particularly described in Exhibit A to the Deed of Trust. Under the terms of the Deed of Trust, Le Bleu granted Plaintiff, as beneficiary, a first priority lien on certain real property, improvements thereon, leases of the real property, and rents from the real property. The Deed of Trust also granted Plaintiff a Uniform Commercial Code security interest in all personal property on, and rents derived from, the Property. A true and accurate copy of the Deed of Trust is attached hereto as Exhibit 2.

10.      In order to secure the amounts owed under the Note, Nature's Pearl executed and delivered to Plaintiff that certain Commercial Security Agreement dated July 27, 2007 as modified by the Amended to Security Agreement dated September 13, 2011 (collectively the "Security Agreement"). Plaintiff perfected in its security interest in the collateral identified in the Security Agreement by filing a Uniform Commercial Code Financing Statement naming Nature's Pearl as "Debtor" and RBC Bank Centura Bank as the "Secured Party," filed with the North Carolina Secretary of State ("Secretary of State"), file number 20070075930E on August 7, 2007, as extended by that certain continuation statement filed with the Secretary of State on February 14, 2012 ("UCC Filing"). The Security Agreement and UCC Filing are collectively referred to herein as the "Security Instrument." A true and correct copy of the Security Instrument is attached hereto as Exhibit 3.

11.     In connection with the indebtedness and obligations owed by Nature's Pearl to Plaintiff under the Note, and as a condition of the loan evidenced by the Note, Le Bleu executed and delivered to Plaintiff a Commercial Guaranty dated July 27, 2007 (the "Le Bleu Guaranty"), unconditionally guaranteeing payment of all amounts owed to Plaintiff under the Note and other loan documents and the obligations owed by Nature's Pearl to Plaintiff.  A true and correct copy of the Le Bleu Guaranty is attached hereto as Exhibit 4.

12.     In connection with the indebtedness and obligations owed by Nature's Pearl to Plaintiff under the Note, and as a condition of the loan evidenced by the Note, Mr. Smith executed and delivered to Plaintiff a Commercial Guaranty dated July 27, 2007 ("Smith Guaranty 1"), unconditionally guaranteeing payment of all amounts owed to Plaintiff under the Note and other loan documents and the obligations owed by Nature's Pearl to Plaintiff.  A true and correct copy of Smith Guaranty 1 is attached hereto as Exhibit 5.

13.     In or around September 2011, Le Bleu agreed to be principally bound under the terms of the Note as a co-borrower.  Le Bleu was added as a co-borrower under the Note as evidenced by:

   a.   Change in Terms Agreement executed by Le Bleu as a co-borrower dated September 13, 2011 (see Exhibit 1);

   b.   Modification of Deed of Trust dated September 15, 2011 and filed in Book 869, Pages 326 *et seq.* of the Davie County Register of Deeds (see Exhibit 2); and

   c.   Amendment to Security Agreement dated September 13, 2011 (see Exhibit 3).

14.     In connection with the addition of Le Bleu as a co-borrower under the Note, Mr. Smith executed and delivered to Plaintiff an additional Commercial Guaranty dated September

13, 2011 ("Smith Guaranty 2"), unconditionally guaranteeing payment of all amounts owed to Plaintiff under the Note and other loan documents and the obligations owed by Nature's Pearl and Le Bleu to Plaintiff.  A true and correct copy of Smith Guaranty 2 is attached hereto as Exhibit 6.  Smith Guaranty 1 and Smith Guaranty 2 are collectively referred to as the "Smith Guaranty".

15.     The Note, Deed of Trust, Smith Guaranty and all other documents further evidencing, securing or executed in connection with the indebtedness owed under the Note, as subsequently modified from time to time, are collectively referred to herein as the "Loan Documents."

16.     The Note, as modified, required Nature's Pearl and Le Bleu to pay all outstanding principal and all accrued and unpaid interest on July 27, 2012 (the "Maturity Date").

17.     Nature's Pearl and Le Bleu defaulted under the Loan Documents by failing to pay all amounts due and owing under the Note by the Maturity Date.

18.     On March 1, 2012, the Office of the Commissioner of Banks approved a merger between Plaintiff and RBC Bank (USA), f/k/a RBC Centura Bank ("RBC").  Through the merger, Plaintiff acquired all of RBC's assets, including the Loan Documents.  Therefore, Plaintiff is the owner and holder of the Loan Documents.  A true and correct copy of the Articles of Merger filed with the North Carolina Secretary of State is attached hereto as Exhibit 7.

19.     The Note provides that the respective borrowers and any other person who signs, guarantees or endorses the Note, waives presentment, demand for payment, and notice of dishonor, and that Plaintiff may take any action deemed necessary by Plaintiff without the consent of, or notice to anyone.

20.     The Note further provides that following an Event of Default, the interest rate on the Notes shall increase to the default rate of eighteen percent (18%) per annum ("Default Rate").

21.     Under the Loan Documents, Nature's Pearl and Le Bleu agreed to pay Plaintiff any and all fees and expenses, including reasonable attorneys' fees and expenses, incurred by Plaintiff in connection with the enforcement of the Loan Documents.

22.     By letter dated February 22, 2013, Plaintiff notified Defendants that the Note was in default under the terms of the Loan Documents (the "Demand Letter"). Specifically, Plaintiff notified Nature's Pearl and Le Bleu that the Note was in default, gave notice that it had invoked the Default Rate, demanded payment in full of the Note, and provided notice of Plaintiff's right to collect its reasonable attorneys' fees under the Loan Documents and applicable law. A true and accurate copy of the Demand Letter is attached hereto as Exhibit 8.

23.     Despite Plaintiff's notices and demands for payment, Nature's Pearl, Le Bleu and Mr. Smith failed to tender payment in full of all amounts due and owing under the Note. The Loan Documents remain in default.

## FIRST CLAIM FOR RELIEF
(Action on Note)

24.     Plaintiff incorporates the allegations set forth in paragraphs 1 through 23 as if fully set forth herein.

25.     Under the Note, Nature's Pearl and Le Bleu promised to pay all outstanding principal and all accrued and unpaid interest due under the Note by the Maturity Date; however, Nature's Pearl and Le Bleu materially breached the contract by failing to make said payment.

26.     Plaintiff has fulfilled all of its material obligations under the loan evidenced by the Note.

27.     As of April 12, 2013, Nature's Pearl and Le Bleu are indebted to Plaintiff under Note in the following amounts: (a) principal in the amount of $4,000,000.00; (b) interest through April 12, 2013 in the amount of $378,612.45; (c) interest subsequent to April 12, 2013 at the per diem rate of $2,000.00; (d) late charges through April 12, 2013 in the amount of $200,861.11; (e) administrative fee in the amount of $200.00; and (f) all fees and expenses, including reasonable legal fees and expenses, now or hereafter incurred by Plaintiff in connection with the enforcement of the Note. As of April 12, 2013, the amounts due and outstanding under the Note total $4,579,673.56, plus interest thereafter at the daily rate of $2,000.00, and Plaintiff's reasonable attorneys' fees and expenses.

28.     Pursuant to the provisions of the Loan Documents, Plaintiff is therefore entitled to recover judgment from Nature's Pearl and Le Bleu under the Note in the amount of $4,579,673.56, plus interest continuing to accrue from and after April 12, 2013 through and including the date of judgment at the per diem rate of $2,000.00, and thereafter at the legal rate.

29.     Pursuant to the provisions of the Loan Documents, Plaintiff is also entitled to recover its reasonable attorneys' fees in the amount of $656,791.87, which is fifteen percent (15%) of the outstanding balance, principal and interest, owed under the Note at the institution of these proceedings.

## SECOND CLAIM FOR RELIEF
(Action on Smith Guaranty)

30.     Plaintiff incorporates the allegations set forth in paragraphs 1 through 29 as if fully set forth herein.

31.     Under the Smith Guaranty, Mr. Smith absolutely and unconditionally guaranteed to Plaintiff the payment and performance of those obligations owed by Le Bleu and Nature's Pearl under the Note and the Loan Documents.

PPAB 2075408v2

32.     Mr. Smith has breached the terms of the Smith Guaranty by failing to pay the balance of the Note and related Loan Documents on the Maturity Date.

33.     Under the Smith Guaranty, Mr. Smith is liable to Plaintiff, for the following amounts due and owing under the Note; (a) principal in the amount of $4,000,000.00; (b) interest through April 12, 2013 in the amount of $378,612.45; (c) interest subsequent to April 12, 2013 at the per diem rate of $2,000.00; (d) late charges through April 12, 2013 in the amount of $200,861.11; (e) administrative fee in the amount of $200.00; and (f) all fees and expenses, including reasonable legal fees and expenses, now or hereafter incurred by Plaintiff in connection with the enforcement of the Note.  As of April 12, 2013, the amounts due and outstanding under the Note total $4,579,673.56, plus interest thereafter at the daily rate of $2,000.00, and Plaintiff's reasonable attorneys' fees and expenses.

34.     Pursuant to the provisions of the Loan Documents, Plaintiff is therefore entitled to recover judgment from Mr. Smith under the Note in the amount of $4,579,673.56, plus interest continuing to accrue from and after April 12, 2013 through and including the date of judgment at the per diem rate of $2,000.00, and thereafter at the legal rate.

35.     Pursuant to the provisions of the Loan Documents, Plaintiff is also entitled to recover its reasonable attorneys' fees in the amount of $656,791.87, which is fifteen percent (15%) of the outstanding balance, principal and interest, owed under the Note at the institution of these proceedings.

## THIRD CLAIM FOR RELIEF (ALTERNATIVE)
(Action on Le Bleu Guaranty)

36.     Plaintiff incorporates the allegations set forth in paragraphs 1 through 35 as if fully set forth herein.

37.     This claim for relief is pled in the alternative to Plaintiff's First Claim for Relief as to Le Bleu.

38.     Under the Le Bleu Guaranty, Le Bleu absolutely and unconditionally guaranteed to Plaintiff the payment and performance of those obligations owed by Nature's Pearl under the Note and the Loan Documents.

39.     Le Bleu has breached the terms of the Le Bleu Guaranty by failing to pay the balance due under the Note and related Loan Documents on the Maturity Date.

40.     Under the Le Bleu Guaranty, Le Bleu is liable to Plaintiff, for the following amounts due and owing under the Note: (a) principal in the amount of $4,000,000.00; (b) interest through April 12, 2013 in the amount of $378,612.45; (c) interest subsequent to April 12, 2013 at the per diem rate of $2,000.00; (d) late charges through April 12, 2013 in the amount of $200,861.11; (e) administrative fee in the amount of $200.00; and (f) all fees and expenses, including reasonable legal fees and expenses, now or hereafter incurred by Plaintiff in connection with the enforcement of the Note.  As of April 12, 2013, the amounts due and outstanding under the Note total $4,579,673.56, plus interest thereafter at the daily rate of $2,000.00, and Plaintiff's reasonable attorneys' fees and expenses.

41.     Pursuant to the provisions of the Loan Documents, Plaintiff is therefore entitled to recover judgment from Le Bleu under the Note in the amount of $4,579,673.56, plus interest continuing to accrue from April 12, 2013 through and including the date of judgment at the per diem rate of $2,000.00, and thereafter at the legal rate.

42.     Pursuant to the provisions of the Loan Documents, Plaintiff is also entitled to recover its reasonable attorneys' fees in the amount of $656,791.87, which is fifteen percent

(15%) of the outstanding balance, principal and interest, owed under Note 1 at the institution of these proceedings.

## FOURTH CLAIM FOR RELIEF
(Possession of Collateral)

43.     Plaintiff incorporates the allegations set forth in paragraphs 1 through 42 as if fully set forth herein.

44.     Plaintiff has a valid, perfected security interest in the collateral identified in the Security Instrument, including but not limited to all inventory, chattel paper, accounts, equipment, general intangibles, and all records or proceeds relating to the same (collectively the "Collateral").

45.     Under the terms of the Loan Documents, including the Security Instrument, Plaintiff is entitled to immediate possession of the Collateral upon the occurrence of a default under the Loan Documents.

46.     The Loan Documents are in default for failure to pay the balance due under the Note and related Loan Documents on the Maturity Date.

47.     Upon information and belief, the Collateral is located in Davie County, North Carolina.  Nature's Pearl either exclusively possesses and controls the Collateral, or Nature's Pearl knowingly fosters and consents to a third-party's use and possession of the Collateral.

48.     Upon information and belief, the Collateral has not been taken for any tax, assessment, or fine pursuant to statute, nor has it been seized under an execution of attachment against the Collateral.

49.     Pursuant to N.C. Gen. Stat. § 1-230, Plaintiff is entitled to have the Collateral repossessed and placed in Plaintiff's possession or in the possession of one of its agents or assigns, to be disposed of in a commercially reasonable manner, and the proceeds derived

therefrom applied to the balance due. Should possession be granted to Plaintiff, it is entitled to collect from the Defendants any deficiency that remains due and owing under the Loan Documents following a commercially reasonable sale, plus costs incurred and reasonable attorney's fees as provided by the Loan Documents and applicable law.

WHEREFORE, Plaintiff PNC Bank, N.A. respectfully requests that this Court enter an order providing:

1. That Plaintiff PNC Bank, N.A. have and recover of Defendants Nature's Pearl Corporation, Le Bleu Corporation, and Jerry W. Smith, jointly and severally, the following amounts due and owing under the Note: (a) principal in the amount of $4,000,000.00; (b) interest through April 12, 2013 in the amount of $378,612.45; (c) interest subsequent to April 12, 2013 at the per diem rate of $2,000.00; (d) late charges through April 12, 2013 in the amount of $200,861.11; and (e) administrative fee in the amount of $200.00;

2. That Plaintiff PNC Bank, N.A. recover its reasonable attorney fees from Defendants Nature's Pearl Corporation, Le Bleu Corporation, and Jerry W. Smith, jointly and severally, pursuant to the terms of the Loan Documents and N.C. Gen. Stat. § 6-21.2 (or other applicable law), in the amount of $656,791.87, which is 15% of the total indebtedness owed under Note 1 at the institution of this proceeding;

3. That the Court grant possession of the Collateral to Plaintiff PNC Bank, N.A.

4. That the Court award Plaintiff PNC Bank, N.A. the costs of this action; and

5. That Plaintiff PNC Bank, N.A. have and recover such other and further relief as this Court deems just and proper.

Respectfully submitted this 12th day of April, 2013.

  /s/  Brian D. Darer

Brian D. Darer
N.C. State Bar No. 25383
Matthew P. Weiner
N.C. State Bar No. 37128
Parker Poe Adams & Bernstein LLP
150 Fayetteville Street, Suite 1400
Raleigh, North Carolina 27602
Telephone: (919) 828-0564
Facsimile: (919) 834-4564
briandarer@parkerpoe.com
mattweiner@parkerpoe.com
*Attorneys for Plaintiff PNC Bank, N.A.*

PPAB 2075408v2

**STATE OF NORTH CAROLINA**

**VERIFICATION**

**COUNTY OF** Wake

The undersigned, Steven Chambers , being first duly sworn, deposes and says that he is a Vice President of PNC Bank, N.A., the plaintiff in this action; that as such she has personal knowledge of the business and is authorized to make this oath and verification; that she has read the foregoing Verified Complaint and the same is true and correct of her own personal knowledge or from information provided to her by employees or agents of the plaintiff, except as to those allegations made upon information and belief, and as to those allegations she believes them to be true.

This 12 day of April, 2013.

Print Name: Steven Chambers

Title: Vice President

**STATE OF** NC
**COUNTY OF** Wake

I, Michele A. DeFoe , a Notary Public of Wake County, North Carolina, do hereby certify that Steven Chambers (the "Signatory"), personally appeared before me this day, by authority duly given, and acknowledged the due execution of the foregoing instrument on behalf of PNC Bank, N.A.

I certify that the Signatory personally appeared before me this day, and
(*check one of the following*)
✓ (I have personal knowledge of the identity of the Signatory); **or**
_____ (I have seen satisfactory evidence of the Signatory's identity, by a current state or federal identification with the Signatory's photograph in the form of:
(*check one of the following*)
_____ a driver's license *or*
_____ in the form of _____ ); **or**
_____ (a credible witness has sworn to the identity of the Signatory).

The Signatory acknowledged to me that he/she voluntarily signed the foregoing instrument for the purpose stated and in the capacity indicated.

Witness my hand and official stamp or seal this 12 day of April, 2013.

Notary Public
Print Name: Michele A. DeFoe
*[**Note:** Notary Public must sign exactly as on notary seal]*
My Commission Expires: September 11, 2013

⌐ [NOTARY SEAL]     **(MUST BE FULLY LEGIBLE)**

*(Notary seal:)* MICHELE A. DEFOE / Notary Public / Wake County / NORTH CAROLINA

PPAB 2075408v2